IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

_____

PATRIOT NATIONAL INSURANCE
GROUP, *et al.*,

        Plaintiffs,

   v.                                     Civ. Action No.
                                    6:13-MC-0048 (DNH/DEP)

ORISKA INSURANCE COMPANY,

        Subpoenaed Party.
_____

_____

PATRIOT NATIONAL INSURANCE
GROUP, *et al.*,

        Plaintiffs,

   v.                                     Civ. Action No.
                                    0:12-CV-61670 (RSR/BSS)

BRAND MANAGEMENT SERVICE,
INC., *also known as Brand
Management Service*; *et al.*,

        Defendants.
_____

<u>APPEARANCES</u>:

<u>FOR PLAINTIFFS</u>:

WILSON, ELSER LAW FIRM        GEORGE TOMPKINS, III., ESQ.
150 East 42nd Street
New York, NY 10017

FOR ORISKA INS. CO.:

KERNAN PROFESSIONAL GROUP         DAVID A. BAGLEY, ESQ.
1310 Utica Street
P.O. Box 750
Oriskany, NY 13424

FOR DEFENDANTS:

AVROM R. VANN, P.C.                AVROM R. VANN, ESQ.
420 Lexington Avenue
Suite 2806
New York, NY 10170

BROWN ROBERT, LLP                  SETH PETER ROBERT, ESQ.
150 North Federal Highway          VANESSA M. CADY, ESQ.
Suite 200
Fort Lauderdale, FL 33301

RAKUSIN LAW FIRM                   STEPHEN B. RAKUSIN, ESQ.
2919 E. Commercial Boulevard
Fort Lauderdale, FL 33308

DAVID E. PEEBLES
U.S. MAGISTRATE JUDGE

## DECISION AND ORDER

I.   BACKGROUND

This action was commenced by Patriot National Insurance Group, Patriot Underwriters, Inc., and Guarantee Insurance Company, Inc., against Oriska Insurance Company ("Oriska") for the purpose of compelling Oriska's compliance with a subpoena *duces tecum* issued by

this court in connection with a lawsuit pending in the United States District Court for the Southern District of Florida entitled *Guarantee Ins. Co. v. Brand Mgmt. Serv. Inc.*, No. 12-CV-61670 (S.D. Fla. filed Aug. 12, 2012) ("underlying action").  Currently before the court is plaintiffs' motion to compel Oriska's compliance with the subpoena, which is opposed by Oriska and defendants in the underlying action,[1] and a cross-motion by Oriska for a protective order.  Dkt. Nos. 1, 3, 5.

The court held a telephone conference on Monday, September 16, 2013, in which the parties in the underlying action and Oriska all appeared through counsel.  Text Minute Entry Dated Sept. 16, 2013.  The purpose of the telephone conference was to hear oral argument regarding whether the court should transfer the pending cross motions to the forum court, the Southern District of Florida.  During that conference, I heard argument from all parties.  Plaintiffs are in favor of transfer; both Oriska and the defendants, however, object to transfer.  For the reasons set forth below, I find that transferring the pending motion to compel and cross-motion for a protective order is most appropriate in light of the familiarity the Southern District of Florida has with the underlying action.

---

[1]    Defendants in the underlying action are Brand Management Service Inc. and Hershel Weber.  *Guarantee Ins. Co.*, No. 12-CV-61670.

3

II. DISCUSSION

The case law on the issue regarding transfer appears to be equally divided. Some circuit courts of appeal have permitted transfer of a motion to compel compliance with or to quash a subpoena, while others do not. *Compare Petersen v. Douglas Cnty. Bank & Trust Co.*, 940 F.2d 1389, 1391 (10th Cir. 1991) ("Nothing in Rule 45 or the commentary thereto and no case cited to us, however, compels us to conclude that only the Kansas magistrate had authority to rule on a motion to quash, effectively prohibiting him from transferring the motion to Nebraska.") and *In re Digital Equip. Corp.*, 949 F.2d 228, 231 (8th Cir. 1991) ("While the Oregon district court initially has exclusive jurisdiction to rule on the objections, it may in its discretion remit the matter to the court in which the action is pending.") *with In re Sealed Case*, 141 F.3d 337, 341-42 (D.C. Cir. 1998) (finding that the district court exceeded its authority in transferring the motion to quash a subpoena to the forum court).

The Second Circuit has not spoken on the issue, and the district courts in this circuit appear to also be divided. In *Westernbank Puerto Rico v. Kachkar*, No. M8-85 X3, 2009 WL 856392 (S.D.N.Y. Mar. 27, 2009), the court refused to transfer a motion seeking compliance with a

subpoena issued from that court based on the fact that the forum court, the District of Puerto Rico, would not have personal jurisdiction over the subpoenaed party. *Westernbank Puerto Rico*, 2009 WL 856392, at *3. In *Shelby v. Ingersoll-Rand Co.*, No. 10-MC-0059A, 2011 WL 118613 (S.D.N.Y. Mar. 24, 2011), the court briefly acknowledged the division of authority on the issue, without discussion, and decided the motion to quash deposition and document subpoenas on the merits. *Shelby*, 2011 WL 118613, at *4. On the other hand, the court in *Stanziale v. Pepper Hamilton LLP*, No. M8-85, 2007 WL 473703 (S.D.N.Y. Feb. 9, 2007), after a thorough discussion of the split of authority, transferred a motion to compel compliance with a subpoena, concluding that "[a] judge who is fully familiar with the underlying litigation is in a better position to resolve such issues than a judge in a different district with no knowledge of the case." *Stanziale*, 2007 WL 473703, at *5; *see also Air & Liquid Sys. Corp. v. Allianz Underwriters Ins. Co.*, No. 12-MC-0051, 2012 WL 3656418, at *2 (D. Conn. Aug. 23, 2012) (following *Stanziale*, and transferring motion to quash to forum court); *Delvin v. Transp. Commc'ns Int'l Union*, No. 95-CV-0742, 2000 WL 249286, at *1 (S.D.N.Y. Mar. 6, 2010) ("There is substantial support in the case[ ]law, among the commentators, and in the

Advisory Committee Note to Rule 26(c) of the Federal Rules of Civil Procedure for the proposition that the court from which a subpoena has issued has the authority to transfer any motion to quash or for a protective order to the court in which the action is pending."). In light of the split of authority, and the fact that the commentary to the Advisory Committee Notes to Rule 45 suggests that the non-party's objection to transfer should be carefully considered, I held the telephone conference to hear the parties' positions. *Stanziale*, 2007 WL 473703, at *4.

In this case, Oriska objects to transferring plaintiffs' pending motion to the Southern District of Florida, the court in which the underlying dispute lies. In support of its opposition, Oriska argues that the documents sought pursuant to the subpoena *duces tecum* are irrelevant to the underlying dispute, and that the court need only make a cursory review of the face of plaintiffs' complaint and the subpoena to recognize the alleged irrelevance. Additionally, in opposing the prospect of transfer, defendants in the underlying action argue that Oriska is likely not subject to personal jurisdiction in Florida, and therefore the Southern District of Florida could not compel it to comply with the subpoena in issue.

With respect to the first argument made by Oriska, I find it

unpersuasive. Indeed, the relevance argument advanced emphasizes the need for the court where the underlying matter lies to decide the matter. In the underlying action, the Southern District of Florida has already decided multiple motions related to the merits in the case, including plaintiffs' motion for a preliminary injunction, defendants' motion to dismiss, motions to compel discovery, plaintiffs' motion for partial summary judgment, and an emergency omnibus motion for a protective order. *See generally Guarantee Ins. Co.*, No. 12-CV-61670, Docket Sheet. In light of its extensive involvement, as evidenced by the docket in the underlying action, I find that the Southern District of Florida is far better positioned to hear arguments relating to whether the disputed subpoena *duces tecum* seeks documents that are relevant to the underlying action. Relatedly, I note that the court in *Stanziale* took into consideration the objective of Rule 45, which "include[s] protecting persons who are required to assist the court by giving information and evidence." 2007 WL 473703, at *4 (quotation marks omitted). Here, because the primary argument by Oriska in objecting to the subpoena is that the documents sought are not relevant, and the court with the most familiarity with the case is better positioned to determine whether the

documents are indeed relevant, it follows that the court with the most familiarity could also better balance whatever relevance exists against the need to protect Oriska as a non-party.

Turning to the second argument set forth by defendants in the telephone conference on September 16, 2013, regarding personal jurisdiction, I find it similarly unpersuasive. Only a handful of cases that have examined this question consider whether the court where the underlying action lies has jurisdiction over the non-party. In the primary case relied on for this proposition, *In re Sealed Case*, 141 F.3d at 341, the court appears to ignore the fact that, assuming the forum court issues an order to compel production and the non-party refuses to comply, the party seeking production is permitted to seek a further order of compliance from any court that does have jurisdiction over the non-party.[2] Accordingly, in the event the Southern District of Florida finds that it does not have personal jurisdiction over Oriska but enters an order compelling compliance with the subpoena *duces tecum* issued by this court, and

---

[2] I note that, effective December 1, 2013, Rule 45 authorizes a court where compliance is required to transfer a motion to compel compliance with a subpoena to the forum court, now defined as the "issuing court," under certain circumstances. Fed. R. Civ. P. 45(a)(2) and (f) (eff. Dec. 1, 2013). Under the amended rule, if the forum court issues an order compelling compliance, it may transfer the matter back to the court where compliance is ordered for enforcement purposes. Fed R. Civ. P. 45(f) (eff. Dec. 1, 2013).

Oriska refuses to comply in light of that lack of jurisdiction, plaintiffs are free to petition this court, where the non-party is subject to jurisdiction, for compliance with the Southern District of Florida's order.

In determining whether this matter should be transferred to the Southern District of Florida, I have considered, as did the court in *Stanziale*, that Rule 1 of the Federal Rules of Civil Procedure instructs courts interpreting and administering the rules in a manner that "secure[s] the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1; *Stanziale*, 2007 WL 473703, at *5. With this guidance in mind, and having carefully considered the arguments set forth by Oriska and defendants, I find that the Southern District of Florida has significantly more knowledge of the case than this court, and therefore that court is better positioned to make a just and speedy determination of the parties' cross-motions.

III.   SUMMARY AND ORDER

For the foregoing reasons, it is hereby

ORDERED that plaintiffs' motion to enforce the subpoena issued by this court and compel production from Oriska (Dkt. No. 1) and Oriska's cross-motion for a protective order (Dkt. No. 5) be transferred to the

Southern District of Florida for determination.  In doing so, the court respectfully suggests that the forum court consider taking the matter on submission or, in the event a hearing is necessary, conducting the proceedings by telephone or video in an effort to minimize the costs of appearing in that court to non-party Oriska.

Dated:       September 23, 2013
             Syracuse, New York

*[signature]*

David E. Peebles
U.S. Magistrate Judge